UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PERFICIENT, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: |
| | ) |
| TENET HEALTHCARE CORPORATION, | ) **JURY TRIAL DEMANDED** |
| and TENET BUSINESS SERVICES | ) |
| CORPORATION, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff Perficient, Inc. (hereinafter "Perficient" or "Plaintiff"), for its Complaint against Defendants Tenet Healthcare Corporation and Tenet Business Services Corporation (collectively "Tenet" or "Defendants"), alleges as follows:

### NATURE OF THE CASE

1. This is an action arising from Tenet's failure to pay for certain services provided by Perficient according to the parties' contractual agreements.

2. Perficient is a digital consulting firm that provides, among other things, professional software development, customization, implementation, and migration services.

3. Tenet Business Services Corporation is a wholly-owned subsidiary of Tenet Healthcare Corporation, a multinational healthcare services company.

4. Tenet contracted with Perficient to provide application migration, software development, and related professional support services.

1

5. Although Tenet agreed to purchase—and accepted—the services from Perficient, Tenet has failed to pay and continues to refuse to pay for the services.

6. As a result of Tenet's failure and refusal to pay Perficient for the services provided, Perficient is owed in excess of $950,000.

**PARTIES**

7. Perficient is a corporation organized and existing under the laws of Delaware with a principal place of business at 555 Maryville University Drive, Suite 600, St. Louis, Missouri 63141.

8. Upon information and belief, Tenet Business Services Corporation is a corporation organized and existing under the laws of Texas with a principal place of business at 14201 Dallas Parkway, Dallas, Texas 75254-2916.

9. Upon information and belief, Tenet Healthcare Corporation is a Nevada Corporation with a principal place of business at 14201 Dallas Parkway, Dallas, Texas 75254-2916.

10. In addition to sharing a principal place of business, Tenet Healthcare Corporation and Tenet Business Services Corporation share executive leadership.

11. Upon information and belief, Tenet Healthcare Corporation executes and pays contracts relating to, and in furtherance of, Tenet Business Services Corporation's business.

**JURISDICTION AND VENUE**

12. This Court has original jurisdiction over the subject matter of this lawsuit pursuant to 28 U.S.C. § 1332(a) because there is complete diversity between the parties and the amount in controversy, excluding interests and costs, exceeds $75,000.

13. The Court has personal jurisdiction over Tenet as (a) it knowingly transacts business in this District through, among other things, the ownership and operation of various healthcare facilities, and (b) the events giving rise to Perficient's cause of action took place in this District.

14. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claims at issue in this lawsuit occurred in this District and because Tenet is subject to personal jurisdiction here.

## FACTUAL BACKGROUND

**A.    Perficient's Development Efforts**

15. On March 30, 2020, Perficient and Tenet entered into a letter agreement ("March 30, 2020 Agreement"), whereby Perficient agreed to provide services to Tenet as described in statements of work agreed to by the parties.  *See* Complaint Exhibit A.

16. Specifically, Perficient agreed to create several new software applications to replace existing applications currently utilized by Tenet.

17. In order for Perficient to create these new applications, Tenet agreed to detail and provide its application requirements in Build Documentation ("BD") by a certain point in time. Perficient and Tenet agreed that Perficient would develop the applications as specifically detailed in the BD.

18. On multiple occasions, Tenet failed to timely provide the required BD, which delayed the development and implementation for multiple applications.

19. On other occasions, Tenet provided BD, but then sought to change the scope of the BD after Perficient began development work related to the application at issue and as described in the BD.

20. In addition to the delays in providing BD and frequent scope changes, Tenet frustrated the development process in numerous other ways. As one example, Tenet insisted on a manual communication method to collaborate with the Perficient development team. Specifically, certain Tenet business teams hand wrote their proposed comments and changes to the BD on Microsoft Excel spreadsheets. Those spreadsheets were then sent to the Tenet IT team, who then relayed the business teams' comments back to Perficient. This process caused unnecessary delays and inefficiencies. Perficient requested a more efficient, and collaborative, communication process, which was rejected by Tenet.

21. As another example, in August 2021, Tenet agreed to stop development on its existing applications so that the Perficient team could effectively migrate those applications. Nevertheless, Tenet continued to add new releases and functionality after August 2021 which made it more difficult for Perficient to successfully complete the migration.

22. Despite the difficulties detailed above, and others, Perficient successfully completed development of—and successfully delivered—multiple applications including: MARS, CFOR, PIADM, BES, and COA.

23. Perficient also timely completed development of an employee exit interview application named EAX. However, Tenet did not have the internal resources to effectively test the product so it unilaterally paused deployment of this application. As a result, Tenet agreed to pay Perficient for the completed work, but has yet to do so.

24. Other applications—including BSAR, eCATS, RFA, CPR, IPPR, AP100, and CAR—were near completion when Tenet terminated its relationship with Perficient. Tenet has refused to pay for this development work.

B.     **Perficient's Contracts & Unpaid Invoices**

25.     On July 10, 2020, Perficient and Tenet entered into a Statement of Work No. 2, dated July 2, 2020 ("SOW No. 2") whereby Perficient agreed to provide services to Tenet in accordance with the terms and conditions of SOW No. 2.  *See* Complaint Exhibit B.

26.     SOW No. 2 states that it is attached to and part of the Agreement entered into between the parties on March 30, 2020 and that "[a]ll the terms and conditions of the Agreement are incorporated herein by reference."  SOW No. 2 further states that "[t]o the extent of any conflict between this SOW and the Agreement, the terms of this SOW shall prevail if such conflict is specifically called out in this SOW."

27.     The services provided by Perficient under SOW No. 2 relate to application migration, software development, and related professional support services (the "Services").

28.     SOW No. 2 identifies and describes in detail the Services to be delivered by Perficient to Tenet and the fees to be paid by Tenet for the Services.

29.     A "Milestone Payment Schedule" is set forth in section 3.3.1 of SOW No. 2.  SOW No. 2 provides that Tenet "will pay Service Provider for the Services provided under this SOW in accordance with the terms set forth in this SOW."

30.     Section 8.1 of SOW No. 2 provides as follows:

> Customer will be invoiced monthly for milestones completed. Perficient will only submit invoices for the milestones listed in 3.3.1 that have been completed. Customer will pay the full amount of each invoice issued hereunder within extended terms of ninety (90) calendar days of the date of issuance of the invoice. Services are provided on a fixed fees basis. Milestones do not include any travel & living expenses (e.g., airfare, hotel & meals) which will be billed to Customer separately.

31.     As a result of the series of transactions described above, Perficient and Tenet entered into a valid, enforceable agreement, subject to the terms and conditions set forth in the March 30, 2020 Agreement and SOW No. 2 (collectively, the "Services Agreement").

32. On May 3, 2022, Tenet sent a letter to Perficient that states "Tenet provides 30 days' written notice of termination of the SOW pursuant to section 8.2 in the SOW." *See* Complaint Exhibit C.

33. Section 8.2 of SOW No. 2 provides, in pertinent part, as follows: "Customer shall be required to pay Perficient for all work performed up to the effective date of termination."

34. Thus, Tenet is required to pay Perficient for all work performed up to the effective date of its purported termination pursuant to Tenet's May 3, 2022 letter.

35. Contrary to Section 8.2's requirement to pay Perficient for all the work it performed, in its May 3, 2022 letter, Tenet states that it will only pay invoiced amounts "which shall not exceed $136,056" and "[a]ny additional invoices or amounts will not be approved."

36. Pursuant to the Services Agreement, Perficient provided the services to Tenet and otherwise satisfied its obligations under the Services Agreement.

37. However, Tenet has failed and refused to make full payment for the Services, specifically failing to pay the following Invoices that were sent to Tenet on May 26, 2022: #180372-B, #182139, #183553, #183557, #183558, #183560, and #183601. *See* Complaint Exhibit D (referred to as "Service Invoices").

38. On June 6, 2022, Tenet advised Perficient that it will not remit payment for invoices #180372-B, #182139, #183553, #183557, #183558, #183560, and #183601 and that such invoices are deemed rejected by Tenet. *See* Complaint Exhibit E.

39. As a result of Tenet's failure and refusal to remit payment for the Services, over $950,000 remains due and owing from Tenet to Perficient under the Services Agreement.

## COUNT I: BREACH OF CONTRACT

40. Perficient reasserts and incorporates by reference all of the allegations in each of the preceding paragraphs above as if fully set forth herein.

41. Perficient and Tenet entered into the Services Agreement.

42. The Services Agreement is premised on the valid offer, acceptance, and agreement between Perficient and Tenet as to all essential terms, and the Services Agreement was supported by valuable consideration.

43. Perficient has fully performed its obligations under the Services Agreement by providing the Services, and any conditions precedent to final payment and performance by Tenet have occurred, or have otherwise been satisfied.

44. Despite demands from Perficient, Tenet has failed and refused to pay the full amounts due and owing to Perficient under the Services Agreement and pursuant to the Service Invoices.

45. By accepting the Services but refusing to satisfy its payment obligations, Tenet has breached the Services Agreement.

46. As a direct and proximate result of Tenet's breach, Perficient has been damaged in an amount in excess of $950,000.

## COUNT II: SUIT ON ACCOUNT STATED

47. Perficient reasserts and incorporates by reference all of the allegations in each of the preceding paragraphs above as if fully set forth herein.

48. Pursuant to the Services Agreement, Perficient furnished and provided the Services to Tenet.

49. Perficient performed in full, provided true and accurate statements of account, and satisfied all conditions precedent to Tenet's duty to remit full payment to Perficient in accordance with the terms of the parties' account and corresponding invoices.

50. Tenet requested the Services, and the charges for the Services reflected in the Service Invoices submitted by Perficient to Tenet were reasonable.

51. Despite Perficient's performance, Tenet has failed and refused to remit payment to Perficient in the amounts set forth in the Service Invoices.

52. As a result, Perficient has been damaged by Tenet's failure to pay the amounts due and owing for the Services performed.

## COUNT III: QUANTUM MERUIT

53. Perficient reasserts and incorporates by reference all of the allegations in each of the preceding paragraphs above as if fully set forth herein.

54. At the request of Tenet, Perficient furnished the Services. The charges for the Services were reasonable.

55. Tenet accepted and retained the Services, and it would be improper to permit Tenet to retain and enjoy the benefit of the Services without paying in full for the same.

56. Despite written demand by Perficient, Tenet has failed to pay the amounts due and owing to Perficient for the value of the Services performed.

## COUNT IV: UNJUST ENRICHMENT

57. Perficient reasserts and incorporates by reference all of the allegations in each of the preceding paragraphs above as if fully set forth herein.

58. At the knowledge, request, and insistence of Tenet, Perficient furnished the Services.

59. In doing so, Perficient conferred valuable benefits upon Tenet.

60. Tenet accepted the Services and has full knowledge of the benefits conferred on it by Perficient.

61. Tenet retained said benefits by accepting and furthering its business endeavors with the Services.

62. Tenet has failed and refuses to pay Perficient for the Services.

63. Under these circumstances, it would be inequitable for Tenet to retain the benefits of the Services, in light of Tenet's failure and refusal to compensate Perficient for its efforts in performing and providing same.

64. As a direct and proximate result of Tenet's conduct, Perficient has suffered damages in an amount to be proven at trial.

WHEREFORE, Perficient, Inc. respectfully requests that this Court enter judgment in its favor and against Tenet Healthcare Corporation and Tenet Business Services Corporation as follows:

A. Finding that Tenet Business Services Corporation and/or Tenet Business Services Corporation has breached the March 30, 2020 Agreement and July 2, 2020 Statement of Work No. 2 and is liable for the account stated, or, in the alternative, that Tenet Business Services Corporation and/or Tenet Business Services Corporation is liable to Perficient under theories of quantum meruit or unjust enrichment;

B. Awarding Perficient damages that have flown naturally from Tenet Business Services Corporation's and/or Tenet Business Services Corporation's breach of contract and liability under the account stated or, in the alternative, awarding Perficient damages under quantum meruit or unjust enrichment;

    C.    Awarding Perficient pre- and post-judgment interest;

    D.    Awarding Perficient its costs of suit and reasonable attorneys' fees; and

    E.    Awarding Perficient such additional and further relief as the Court deems just and proper.

Date: June 30, 2022

Respectfully submitted,

**STINSON LLP**

*/s/ B. Scott Eidson*
B. Scott Eidson, #57757MO
Julie C. Scheipeter, #65978MO
Timothy D. Krieger #57283MO
Zachary Buchheit, #71816MO
7700 Forsyth Blvd., Suite 1100
St. Louis, MO 63105
Telephone (314) 863-0800
Facsimile (314) 863-9388
scott.eidson@stinson.com
julie.scheipeter@stinson.com
timothy.krieger@stinson.com
zachary.buchheit@stinson.com

*Attorneys for Plaintiff Perficient, Inc.*